EMMA C. GUNDLACH, EXECUTRIX, ESTATE OF J. H. GUNDLACH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6599.   Promulgated August 9, 1927.

> The evidence in this proceeding is insufficient to enable the Board to determine whether or not the Commissioner erred in his determination of the gain or loss upon the sale in 1920 and 1921 of property acquired from 1909 to 1920.

*Henry H. Oberschelp, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income tax for 1920 and 1921, in the respective amounts of $642.76 and $369.32, as a result of the Commissioner charging the petitioner with $7,102.46 in 1920 and $4,152.49 in 1921, as depreciation, in computing the gain or loss upon the sale during said years of various pieces of his improved real estate acquired between 1909 and 1920.

The petitioner contends that this is error because no depreciation had ever been claimed or deducted in any of his income-tax returns. Petitioner insists that his property was investment property, not used in his trade or business and, furthermore, was kept in such good state of preservation that there was no depreciation. He also claims that if there was any depreciation the rate charged was excessive.

### FINDINGS OF FACT.

J. H. Gundlach, the original petitioner in this proceeding, was a resident of St. Louis, Mo., and was engaged in the business of buying, selling, and renting real estate, and acting as a general real estate agent. He died since the institution of this suit and the same was revived in the name of Emma C. Gundlach, his executrix.

In 1920 and 1921, he sold various pieces of improved real estate which he had acquired at various times from 1909. The Commissioner charged him with $7,102.46 in 1920 and $4,152.49 in 1921, as depreciation upon the property sold in computing the gain or loss upon the sales made in the taxable years.

In filing his income-tax returns for years prior to 1920 and 1921, petitioner never claimed any deduction or took any credit for, nor was any allowance made on account of, depreciation or exhaustion, wear and tear of property.

### OPINION.

LITTLETON: The evidence does not disclose how many pieces of improved property the petitioner owned and sold in 1920 and 1921, when any of it was purchased, what any of the property cost, or what the March 1, 1913, value of it was, nor, at what price any of the property was sold.

There is no evidence as to when any of the buildings or improvements were constructed, nothing as to the character of their construction, nor what work or repairs were done on them to keep them in the alleged good state of preservation, nor the cost of such work.

It is insisted in argument and in the broad statement made by the one witness examined in petitioner's behalf, that the improvements on the properties in question when sold in 1920 and 1921, were in as good or better condition than when they were new.

The inability of this witness to give, when asked, proper detailed information in regard to the properties, shows his broad statement to be a mere conclusion, not based on any known facts.

It is also argued that the properties sold were not such as were used in petitioner's trade or business. It is claimed such were investment properties and not subject to depreciation.

108346°—28——70

It is sufficient to say there is no evidence showing that the properties were not used in petitioner's trade or business. The Commissioner held that they were. Upon a consideration of the record we affirm the Commissioner's determination. *Even Realty Co.*, 1 B. T. A. 355. *U. S.* v. *Ludey*, 274 U. S. 295.

*Judgment will be entered for the respondent.*

Considered by SMITH.